IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2197-FL

| | |
|---|---|
| NATHAN PETWAY, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| WARDEN, FCI CUMBERLAND, MD, | ) |
| Respondent. | ) |

The matter is before the court on respondent's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (DE 20). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**BACKGROUND**

On April 28, 2005, petitioner was found guilty here, in the United States District Court for the Eastern District of North Carolina, of the following charges: conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (count one); armed bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 and 2113(a) and (d) (count two); and the use of a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 and 924(c) (count three). United States v. Petway, No. 4:04-CR-56-H (E.D.N.C. Apr. 28, 2005). On September 7, 2005, the sentencing court sentenced petitioner as a career offender to an aggregate term of 300 months imprisonment. See United States v. Whitaker, 208 F. App'x 244, 245 (4th Cir. 2006). The

United States Fourth Circuit Court of Appeals subsequently affirmed petitioner's conviction and sentence. Id.

On November 27, 2007, petitioner filed his first *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petway, No. 4:04-CR-56-H (Nov. 27, 2007). On April 21, 2008, the sentencing court dismissed petitioner's challenge to his classification as a career offender, and ordered the United States Attorney to respond to petitioner's remaining claims. Id. (Apr. 21, 2008). The sentencing court then dismissed the remaining claims in petitioner's § 2255 motion on November 18, 2010. Id. (Nov. 18, 2010).

On December 2, 2011, petitioner filed a motion for a reduction of sentence, which the court construed as a § 2255 motion, challenging his sentence based on the United States Supreme Court's decisions in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), as applied in United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011). Id. (Dec. 2, 2011). The district court then appointed petitioner counsel to proceed with his claim. Id. (Dec. 19, 2011). Petitioner, through counsel, filed a supplemental or amended § 2255 motion on May 1, 2012. Id. (May 1, 2012). On August 6, 2012, the court determined that petitioner's second § 2255 was successive, and dismissed the motion without prejudice to petitioner's right to apply to the Fourth Circuit Court of Appeals for leave to file a successive § 2255 motion. Id. (Aug. 6, 2012). Petitioner subsequently filed a motion for reconsideration of the court's August 6, 2012, order, which the court denied. Id. (Jan. 9, 2013, May 7, 2013).

On October 15, 2015, petitioner filed a letter in his sentencing court seeking permission to file a "first § 2255 motion[] challenging . . . [his] career offender enhancement." Id. (Oct. 15, 2015). The sentencing court, in turn, instructed petitioner to contact the clerk's office to obtain any needed

2

forms, and stated that it could not provide petitioner any legal advice. Id. (Jan. 26, 2016). Then, on March 21, 2016, the Federal Public Defender entered a notice of appearance for the limited purpose of representing petitioner in accordance with Standing Order 15-SO-02 to determine whether petitioner may be entitled to relief under Johnson v. United States, 135 S.Ct. 2551 (2015). Id. (Mar. 21, 2016). On June 14, 2016, the sentencing court granted the public defender permission to withdraw as counsel of record for petitioner. Id. (June 14, 2016). Petitioner subsequently sought permission in the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion based upon the Supreme Court's decision in Johnson. Id. (June 30, 2016). The Fourth Circuit denied petitioner's application for authorization. (Id.)

On July 17, 2015, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Maryland asserting that his sentence was improperly enhanced under the Controlled Substances Act in violation on the Fourth Circuit's decision in Simmons. Petway v. Warden, No. GJH-15-2112 (D. Md. July 17, 2015); Petway v. Warden, No. 5:15-HC-2197-FL (E.D.N.C. July 17, 2015). On August 28, 2015, the Maryland district court transferred the petition to this court. Petway, No. 5:15-HC-2197-FL (Aug. 28, 2015). Respondent subsequently filed a motion to dismiss pursuant to Rule 12(b)(1), arguing that the court lacks subject matter jurisdiction. The motion was fully briefed.

## DISCUSSION

A.   Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain,

3

697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural motion as he would receive under a Rule 12(b)(6) consideration." Id. "[A]ll facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations" without converting the matter to summary judgment. Adams, 697 F.2d at 1219; Kerns, 585 F.3d at 192.

B.  Analysis

Petitioner contends that two of his prior North Carolina state criminal convictions do not fall within the definition of a predicate offense under the Controlled Substance Act in light of the Fourth Circuit's decision in Simmons. Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." Id. at 1194, n. 5.

4

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.[1]

The conduct to which petitioner pleaded guilty–armed bank robbery and related offenses–remains criminal. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Rouse v. Wilson, No. 14-6715, 2014 WL 4823637, at n.* (4th Cir. 2014) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (section 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"); United States v. Poole, 531 F.3d 263, 267, 267 n.7 (4th Cir. 2008). Thus, petitioner "cannot demonstrate that [section] 2255 is inadequate or ineffective to test the legality of his detention." See Barnes v. Bragg, No. 8:15-cv-2842-HMH-JDA, 2016 WL 4087360, at *4

---

[1] Petitioner also cites Miller v. United States, 735 F.3d 141 (4th Cir. 2013), in which the government waived the statute of limitations and allowed petitioner to proceed with his Simmons claim four years after his conviction. The petitioner in Miller, however, brought his Simmons claim pursuant to 28 U.S.C. § 2255. Id.

5

(D.S.C. July 12, 2016) (finding the petitioner may not bring Simmons claim challenging his designation as a career offender in a § 2241 petition).[2]

Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255. See In re Jones, 226 F.3d at 333; see also Rodriguez v. Rickard, No. 1:14-CV-11797, 2015 WL 11199529, at *2-3 (S.D. W. Va. Oct. 14, 2015) (dismissing challenge to relevant conduct in § 2241 petition on the grounds that such claim must be brought under § 2255). The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

Alternatively, the court lacks jurisdiction over petitioner's § 2241 petition because this district is not the proper venue. The proper venue for filing a claim under § 2241 is the district where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); 28 U.S.C.

---

[2] The court notes that petitioner relies on the position taken by the Solicitor General in the brief for the United States in the case of Persaud v. United States, — U.S. ——, 134 S. Ct. 1023 (2014), that the lower court erred in determining that the savings clause of § 2255 does not permit a petitioner to seek relief under § 2241 purely because he challenges his sentence rather than his conviction. Id. However, even after the Supreme Court's remand in Persaud, the Fourth Circuit has subsequently affirmed a district court order which held that a petitioner could not challenge a sentencing enhancement through a § 2241 petition. See Rouse, 584 F. App'x 76.

§ 2241(a) ("Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions."). Petitioner was housed at the Cumberland Federal Correctional Institution, which is located within the jurisdiction of the District of Maryland, when he filed this action. Petitioner remains incarcerated at this location. Based upon the foregoing, the action, alternately, is DISMISSED without prejudice for improper venue.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 20) is GRANTED, and the action is DISMISSED without prejudice. A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 31st day of January, 2017.

LOUISE W. FLANAGAN
United States District Judge

7

Case 5:15-hc-02197-FL   Document 25   Filed 01/31/17   Page 7 of 7